Bruce ABBY, Shane Major, Dwayne Wigfall, Robert W. Burnett, II, Bryan K. Burnett, Roderick E. Gaston, D'Juan Garrett, Darnell Matlock, Damon L. Truitt, LeMario L. Simmons, Demarco Smith, Maisha Patrick, Anthony Hanah and Frederick Abbott, Jr., Individually and as representative of a Class of Individuals similarly situated, Plaintiffs,

v.

CITY OF DETROIT, Defendant.

No. 01–71154.

United States District Court, E.D. Michigan, Southern Division.

Oct. 29, 2003.

Steve Budaj, Gary Kosma, Detroit, MI, for plaintiff.

Dennis Burnett, John P. Quinn, Detroit, MI, for defendant.

## OPINION

DUGGAN, District Judge.

Plaintiffs filed a First Amended Class Action Complaint against Defendant City of Detroit alleging that Defendant enforced a policy of unlawful arrests in cases involving homicides. Currently before the Court is Plaintiffs' Revised Motion for Certification of Class. In this Court's view, the determinative issue is the superiority of a class action based on the circumstances of this case. A hearing was held on August 6, 2003. For the reasons set forth below, the motion is denied.

### Background

Plaintiffs allege that Defendant has had a longstanding policy of effectuating arrests without probable cause in homicide cases in violation of the Fourth Amendment of the U.S. Constitution. (Pls.' First Am. Class Action Compl. at ¶¶ 5, 7). The fourteen individuals named in the complaint claim to be victims of this alleged unconstitutional policy. Each named plaintiff was allegedly arrested without a warrant, held by the Defendant, never charged with a crime, and then released. The length of detention varied from less than twenty four hours in the case of Plaintiff LeMario Simmons to one week in the case of Plaintiff D'Juan Garrett.

Plaintiffs believe that class certification is appropriate in this case under FED. R. CIV. P. 23(a) and (b)(3). Defendant opposes class certification arguing that the prerequisites to class certification contained in FED. R. CIV. P. 23(a) are not met. In addition, Defendant argues that Plaintiffs cannot satisfy the predominance and superiority requirements of Rule 23(b)(3).

### Discussion

Although a district court has broad discretion in certifying class actions, it must exercise that discretion within the framework of FED. R. CIV. P. 23. *Coleman v. Gen. Motors Acceptance Corp.,* 296 F.3d 443, 446 (6th Cir.2002). A party seeking class certification bears the burden of proof. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). In order to obtain class certification, a plaintiff must first satisfy the prerequisites set forth in Rule 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). These four prerequisites are referred to as numerosity, commonality, typicality, and adequacy of representation.

### 1. *Rule 23(a) Prerequisites to a Class Action*

#### a. *Numerosity*

■ First, Rule 23(a) requires that the class be so "numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Plaintiffs argue that in this case, the class will be in excess of one thousand persons. (Pls.' Br. at 8). Plaintiffs reason that because there are hundreds of murders each year in Detroit, "a widespread custom or policy of arresting persons without probable cause in murder cases would, by its very nature, result in large numbers of unconstitutional arrests." (Pls.' Br. at 9).

■ Defendant argues that Plaintiffs' assertions as to numerosity "lack evidentiary support." (Def.'s Br. at 20). Specifically, Defendant claims that the fact that an individual was arrested and released without being charged does not establish that the arrest was unlawful. (Def.'s Br. at 20). The Court agrees. However, at this stage, the Court may consider "reasonable inferences drawn from the facts" before it to determine whether the numerosity requirement has been met. *Senter v. General Motors Corp.*, 532 F.2d 511, 523 (6th Cir.1976). Plaintiffs have presented data indicating that hundreds of individuals are arrested and then released due to insufficient evidence. (Pls.' Br. at 10, 12). Based on these facts, the Court is satisfied that joinder of all of the victims of Defendant's alleged unconstitutional policy would be impracticable.

#### b. *Commonality*

■ Rule 23(a) also requires that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Commonality exists when there is a common issue among the Plaintiffs and resolution of that issue would advance the litigation. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998). Plaintiffs assert that this requirement is met because "the existence of the alleged unconstitutional policy is a question common to each member of the class." (Pls.' Br. at 13).

Defendant argues that Plaintiffs cannot meet the commonality prerequisite because Defendant City of Detroit cannot be held liable until it is established that one of its officials violated a plaintiff's Fourth Amendment rights. (Def.'s Br. at 23). This argument is without merit. As Plaintiffs point out, in *Monell v. Dept. of Social Servs.*, the Supreme Court stated that "Congress did not intend municipalities to be held liable [under 42 U.S.C. § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Here, Plaintiffs have identified the common issue as the existence of the policy and allege that the arrests and detentions at issue in this case were made pursuant to Defendant's unconstitutional policy. (First Am. Class Action Compl. at ¶ 7). Plaintiffs have established a common issue sufficient to satisfy the commonality requirement under Rule 23(a).

#### c. *Typicality*

■ Next, Rule 23(a) requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d at 1082.

■ Defendant argues that even if Plaintiffs were able to prevail on the issue of the existence of an unconstitutional policy, "this would not advance the interest of any class member, since each class member can obtain recovery from the [Defendant] by showing a Fourth Amendment violation without showing an unconstitutional policy." (Def.'s Br. at 28)(internal citation to Brief omitted). This argument is unpersuasive because the crux of Plaintiffs' claim is the unconstitutional policy itself as the force behind the alleged Fourth Amendment violations. The fact that Plaintiffs can prevail even without establishing the existence of the unconstitutional policy is irrelevant.

The Court is satisfied that Plaintiffs' claims are typical of the claims of the class.

Plaintiffs' claims all arise from the same alleged unconstitutional practice or course of conduct of Defendant.

### d. *Adequacy of Representation*

Finally, Rule 23(a) requires that the representative parties "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Under this subsection of Rule 23(a), "a plaintiff seeking to represent the class must demonstrate that he or she will fairly and adequately represent and protect the interests of the class." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). "The court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Id.* Interests are considered antagonistic when there is evidence that the named plaintiffs appear unable to "vigorously prosecute the interests of the class." *Id.*

Defendant does not challenge the qualifications of Plaintiffs' counsel other than to point out that only one has class action litigation experience. (Def.'s Br. at 28). "[I]n the absence of a showing to the contrary, adequacy of counsel is often presumed." *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 487–488 (W.D.Mich.1994). "Moreover, it is not reputation built upon past practice, but rather competence displayed by present performance, which demonstrates the adequacy of counsel in a class action." *Id.* at 487. The Court is satisfied that counsel is adequate.

Defendant also contends that there is a "serious conflict" between the interests of the named Plaintiffs and their lawyers and the unnamed class members. (Def.'s Br. at 29). Defendant contends that in cases such as this, it is always in the plaintiff's best interest to bring suit against the individual police officers and the municipality. This is because punitive damages may be available against the police officer, but not against the municipality, and because if a plaintiff establishes a violation of the Fourth Amendment but not the existence of an unconstitutional policy, the plaintiff can still recover against the officers. Defendant has not cited any authority establishing that this is a conflict. Further, the Court is satisfied that an individual's ability to opt out of a class action suit would obviate this "conflict."

Based on the foregoing, the Court finds that all of the prerequisites to class certification have been met.

### 2. *Rule 23(b)(3): Predominance and Superiority*

In addition to satisfying the prerequisites to a class action set out in FED. R. CIV. P. 23(a), Plaintiffs must also demonstrate that the class falls under one of the subdivisions of FED. R. CIV. P. 23(b). In this case, Plaintiffs are seeking certification under subdivision 23(b)(3).[1]

In order to maintain a class action under FED. R. CIV. P. 23(b)(3), a court must find that questions of law or fact common to members of the class predominate over questions affecting individual members and that a class action is the superior method for the "fair and efficient adjudication of the controversy." Under Rule 23(b)(3), there are four factors pertinent to the superiority inquiry:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(b)(3). After careful consideration, the Court concludes that Plaintiffs

---

**1.** In their First Amended Class Action Complaint filed May 31, 2001, Plaintiffs sought certification under FED. R. CIV P. 23(b)(1)(A), 23(b)(2), and 23(b)(3). (First Am. Class Action Compl. at ¶¶ 19, 20, 23). However, in the current motion for class certification, Plaintiffs seek certification only under FED. R. CIV. P. 23(b)(3). (Pls.' Br. at 15). Therefore, the Court assumes that Plaintiffs have abandoned their arguments with respect to certification under subsections 23(b)(1)(A) and 23(b)(2).

have failed to demonstrate that the superiority requirement is satisfied. In order to satisfy the superiority requirement, the class action must be superior to, "and not just as good as, other available methods for handling the controversy. Such a determination lies in the court's discretion." *Beebe v. Pac. Realty Trust,* 99 F.R.D. 60, 73 (D.Or.1983) (citation omitted).

The Court will consider the first two factors together. It should be noted that class certification under Rule 23(b)(3) was "designed primarily to allow the vindication of rights in cases where the monetary amount at stake would not provide adequate incentive for any individual to bring a solo action." *Bacon v. Honda of Am. Mfg., Inc.,* 205 F.R.D. 466, 486 (S.D.Ohio 2001) (citation omitted). This is not such a case.

In this Court's view, the proposed class members clearly have a strong interest in controlling and maintaining separate actions. This is evidenced by the fact that many victims of the alleged unconstitutional policy (over 100) have brought suit.[2] (Def.'s Br. Ex. E). It is proper to infer from the number of individual claims that have been brought that many potential class members prefer to maintain separate actions to pursue their claims. *See, e.g., Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1163 (9th Cir.2001).

Other courts have found superiority lacking under similar circumstances, i.e., where proposed class members have brought individual actions. For example, in *Zapata v. IBP, Inc.,* 167 F.R.D. 147 (D.Kan.1996), the court found superiority lacking in a proposed class action based on a hostile work environment claim. "While there may be some validity to plaintiffs' argument that a number of class members might not bring separate suits, still the fact remains that individual plaintiffs have brought suit against [defendant] in the past, alleging employment discrimination pursuant to 42 U.S.C. § 1981

and/or Title VII." *Id.* at 163. *See also Lyon v. Caterpillar, Inc.,* 194 F.R.D. 206, 222 (E.D.Pa.2000)(finding that in proposed class action based on consumer fraud "[t]he fact that at least one putative class member resolved his claims against defendant weighs against certification.")

This is not a case where the actual amount of damages due to each class member is small and is thus, a disincentive to bringing suit. Of the lawsuits listed in Exhibit E of Defendant's brief that have settled, the settlement amounts range from $1,000.00 to $550,000.00. The range of these settlement amounts also indicates to the Court that individuals have a substantial stake in deciding whether and when to settle. The fact is, even in the absence of a class action suit, many individuals have brought claims against Defendant.

As Defendant points out, the fee shifting provisions of 42 U.S.C. § 1988, under which an individual prevailing in a § 1983 action may recover reasonable attorney fees, also weigh against class certification, in that the financial barrier to bringing suit is eliminated. Other courts have found that the existence of fee shifting statutes weighs against a finding of superiority in proposed class action suits. *See, e.g., Zapata,* 167 F.R.D. at 163 (noting in its discussion of superiority that "Title VII provides for the allowance of attorneys' fees, which is a strong incentive for attorneys to bring suit on behalf of individual plaintiffs. With the passage of the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, attorneys' fees for the prevailing party are also clearly recoverable in a suit brought under 42 U.S.C. § 1981.")(internal citation omitted). Therefore, the first two factors weigh against class certification.

Finally, the Court will consider the management of this class action.[3] The Court finds that in this case, the issue of damages is another factor weighing against class certi-

---

**2.** It is worth noting that given the number of claims that are being pursued independently, a class action would not necessarily reduce the possibility of more independent suits. Thus, in terms of efficiency, the Court is not persuaded that a class action is superior.

**3.** Plaintiffs have made no assertions with respect to the third factor under Rule 23(b)(3), the desirability of concentrating the litigation in this forum.

fication. Plaintiffs allege that "Plaintiffs and all other members of the class to be certified, suffered serious and permanent injuries to their body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future." (Pls.' First Am. Class Action Compl. at ¶ 16). Clearly, the amount of damages sustained by each individual is a fact-specific inquiry that would create serious manageability problems. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 652 (C.D.Cal.1996)(finding that the interest of each proposed class member in maintaining independent actions is "most relevant where each class member has suffered sizeable damages or has an emotional stake in the litigation.")

Plaintiffs cite two cases in support of their argument that the existence of differences between class members with respect to damages does not preclude class certification. Both are distinguishable. First, Plaintiffs cite *Sterling v. Velsicol Chem. Corp.,* 855 F.2d 1188 (6th Cir.1988). It is true, as Plaintiffs point out, that in *Sterling,* the Sixth Circuit stated that, "the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling,* 855 F.2d at 1197. However, Plaintiffs have taken this quote out of context. The Court was specifically referring to mass tort accident class actions suits. However, even if *Sterling* were analogous to the facts of this case, *Sterling* does not preclude a denial of class certification where other factors, as outlined above, dictate against a finding of superiority.

Next, Plaintiffs cite *Dellums v. Powell,* a class action suit alleging constitutional viola-

tions filed on behalf of "all persons who were arrested while assembled on the Capitol steps on May 5, 1971." 566 F.2d 167, 174 (D.C.Cir.1977). In *Dellums,* the jury awarded damages on false arrest and false imprisonment claims based on the amount of hours an individual was detained. *Id.* at 174, n. 6. In *Dellums,* the defendant did not object to this method of computing damages and the D.C. Circuit noted in a footnote that the issue of damages did not require individualization. *Dellums,* 566 F.2d at 188, n. 56. In addition to the fact that this Court is not bound by *Dellums,* the Court believes that the *Dellums* court's conclusion with respect to individualized damages does not apply to the facts of this case, given the nature of the damages sought.[4]

Because the Court finds that Plaintiffs have failed to demonstrate the superiority of a class action, the Court finds it unnecessary to determine whether the predominance factor of Rule 23(b)(3) is met.[5]

**Conclusion**

For the reasons set forth above, Plaintiffs' Revised Motion for Certification of Class is denied. An order consistent with this opinion shall issue.

---

4. In *Dellums,* each class member was arrested on a single day during a single demonstration.

5. Plaintiffs argue that "[i]n the present case, class certification will save the time and money of all the parties and the court. The costs associated with the presentation of these common issues in hundreds if not thousands of individual suits will clearly be substantial at both discovery and trial stages." (Pls.' Br. at 17). However, the Court does not foresee that the issue of liability will have to be re-litigated in each case. The Court is confident that when the issue of liability has been resolved in one case, it will most likely result in a relatively easy resolution of the liability issue in future cases. Therefore, once liability is determined, the only issue remaining will be the issue of damages, which in this Court's view, will require significant individualized consideration.